Michael W. Flanigan
FLANIGAN & BATAILLE
1007 W. 3rd Ave., Ste. 206
Anchorage, Alaska, 99501
Telephone: (907)-279-9999
Facsimile: (907) 258-3804
E-Mail: mflanigan@farnorthlaw.com

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

RONALD GOODWIN, )
)
        Plaintiff, )
)
vs. )
)
CH2M HILL COMPANIES LTD.; )
CH2M HILL COMPANIES LTD. LONG )
TERM DISABILITY PLAN; )
LIFE INSURANCE COMPANY OF ) Case No. 3:16-cv-  [  ]  _____
NORTH AMERICA, )
)
        Defendants, )
_____ )

## **COMPLAINT**

Comes now the Plaintiff, Ronald Goodwin, by and through counsel, and for his Complaint against the Defendants, states and alleges as follows:

1. This is an action to enforce the terms of an ERISA plan under ERISA 502(a)(1)(B) and for other equitable relief as is required to obtain such benefits under 29 USC 1132(a)(1 & 3) and (d)(2). This Court has subject jurisdiction over the matter pursuant to 29 USC 1001-1461(ERISA) and 28 USC 1331; and personal jurisdiction pursuant to 29 USC 1132(e)(2).

*Flanigan & Bataille*

*1007 W. 3rd Ave.
Suite 206
Anchorage, AK 99501*

*Telephone
(907) 279-9999*

*Facsimile
(907) 258-3804*

2. Ronald Goodwin was at all times applicable to this complaint, and remains, a resident of Alaska.

3. Defendant, CH2M Hill Companies Ltd., (hereinafter CH2M Hill) is the sponsor and administrator of the CH2M Hill Companies Ltd. Long Term Disability (LTD) Plan, which is an employee benefits Plan intended to benefit its employees by providing Long Term Disability (LTD) Benefits, and is governed by 29 USC 1001-1461 (ERISA).

4. CH2M Hill determines eligibility for the employee benefit plans as the Plan Administrator and pays premiums for insurance policies that provide the employee benefits.

5. The LTD benefits under the Plan are provided by way of a Long Term Disability (LTD) Policy issued by Life Insurance Company of North America, (hereinafter LINA) who is also the LTD Claims Administrator.

6. LINA as the LTD claims administrator, determines whether benefits are paid under the LTD Plan.

7. LINA has an inherent conflict of interest in its role as LTD claims administrator, since any claims it approves are paid for out of LINA's accounts.

8. Goodwin is a 59 year old, army veteran, who formerly worked as a structural fitter and welder for VECO and its successor, CH2M Hill, for 26 years prior to

*Flanigan & Bataille*

*1007 W. 3rd Ave.
Suite 206
Anchorage, AK 99501*

*Telephone
(907) 279-9999*

*Facsimile
(907) 258-3804*

becoming disabled. Prior to his disability, he was working on the slope earning a monthly income of $6,803 and annual wages of $81,636.

9. Goodwin became disabled after a life time of hard work, and several accidents, including being hit by a truck while riding his bicycle. Thereafter, Goodwin experienced neck pain and radicular symptoms of numbness into his left arm and hand in 2012. He tried chiropractic, massage and anti-inflammatory medications without relief and thereafter sought a surgical consultation in 2013. The surgeon, Dr. Garr, diagnosed a C5-6 disc herniation and a broad based disc protrusion at C6-7 with stenosis. Dr. Garr recommended conservative treatment and monitoring to see if Goodwin's symptoms worsened,

10. Goodwin returned to consult with Dr, Garr in December, 2014, after his symptoms significantly worsened, now complaining of severe left sided pain extending from the trapezius muscle down into his arm and radial forearm, thumb and index finger, causing problems with sleeping, driving and sitting. Based on worsening symptoms, Dr. Garr recommended a cervical fusion operation.

11. During the same visit, Dr. Garr noted that radiological films also demonstrated a deterioration of Goodwin's vertebrae at L5-S1, with resulting thigh pain, no surgical intervention at that level was contemplated at that time.

*Flanigan & Bataille*

*1007 W. 3rd Ave. Suite 206 Anchorage, AK 99501*

*Telephone (907) 279-9999*

*Facsimile (907) 258-3804*

12. Cervical fusion surgery at C5-6 was performed on Goodwin by Dr. Garr on 3/11/14 using plates and screws and a spacer.

13. By October 2014, Goodwin's neck and arm symptoms had improved following the surgery but his low back symptoms were increasing, with radicular pain, numbness and weakness now going down both thighs. Radiological films demonstrated a worsening of disc disease at L4-5 and L5-S1. Dr. Garr recommended a lumbar fusion operation and Goodwin agreed.

14. Goodwin last day or work was 12/2/14.

15. Lumbar fusion surgery was performed on 12/09/14 at L4-5 with rods and screws to stabilize the fusion.

16. Based on the need to recover from that operation, Goodwin applied for Shorty Term Disability (STD) Benefits, which began on 12/15/14 and continued through 6/5/15.

17. Realizing his STD benefits were coming to an end, although he had not yet recovered from his back operation, Goodwin applied for LTD benefits on 5/19/15.

18. A PT report on 6/18/16 indicated Goodwin was still experiencing pain at a 4-6/10 level, had moderate difficulty performing functional activities at a 4-6/10 level, and was very restricted in lumbar flexion, extension, and side bending.

*Flanigan & Bataille*

*1007 W. 3rd Ave. Suite 206 Anchorage, AK 99501*

*Telephone (907) 279-9999*

*Facsimile (907) 258-3804*

19. As of June 2015, Dr. Garr did not recommend Goodwin return to his normal work due to ongoing symptoms "pain with activity", but allowed he could try to return to light duty work as of 7/17/15 so long as lifting was restricted to no more than 25 lbs. and sitting no more than 60 minutes at a time.

20. The lifting restriction was well below the requirements for a welder/fitter.

21. Nevertheless, on August 15, 2015, LINA denied LTD benefits to Goodwin.

22. After the denial of the claim, Goodwin's wife sent additional medical records to LINA and followed that up with a call to a LINA representative on 10/21/15, asking if the additional medical records would change the result. The LINA representative advised Goodwin's wife that an appeal letter was also required if the additional evidence was to be sent to the appeals branch.

23. Goodwin then sent in a formal appeal of the denial decision on 10/22/15, well within the 180 days LINA had specified for filing an appeal. The appeal letter, was accompanied by medical and PT records demonstrating that Goodwin had not experienced complete relief from his lumbar radicular symptoms and was still treating with SI joint injections.

24. LINA never responded to Goodwin's 10/22/15 appeal.

25. So eventually Goodwin hired counsel who requested LINA provide a copy of the LTD claims file.

26. Conspicuously absent from the LTD claims file was Goodwin's appeal letter, with attached evidence or any response by LINA to Goodwin's appeal.

27. So on 8/18/16, Goodwin's counsel sent to LINA a copy of Goodwin's 10/22/15 Appeal Letter and accompanying evidence, along with proof the letter and been sent by certified U.S. mail on 10/22/15 and signed for by a LINA representative on 10/26/15. (Exhibit 1).

28. Despite the additional opportunity to review Goodwin's Appeal, that apparently LINA had lost internally, LINA again did not respond within the next 60 days allotted for responses to appeals under the LTD Plan. Nor did LINA provide any explanation for why they had not responded to Goodwin's appeal back in 2015; or why that appeal was not in the claims file, when US Postal records showed it had been received, or why they were not responding to counsel's 8/16/16 letter with a copy of Goodwin's appeal attached thereto.

29. Following the lack of a response to counsel's letter, this suit was filed.

30. The relevant language defining "disability for the first 24 months" of LTD benefits is as follows:

*The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is:*
*1. unable to perform the material duties of his or her Regular Occupation; and*
*2. unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular Occupation.*

*Flanigan & Bataille*

*1007 W. 3rd Ave. Suite 206 Anchorage, AK 99501*

*Telephone (907) 279-9999*

*Facsimile (907) 258-3804*

31. As is clear from Goodwin's Medical and Physical Therapy records, at the point in time that LINA denied Goodwin LTD benefits in August 2015, his treating physician, backed up by his physical therapy records, had only cleared Goodwin to return to light duty work with lifting restrictions well below his job requirements as set forth in his CH2M Hill job description.

32. Additional evidence received after August 15, 2015 further supported Goodwin's claim for LTD benefits, but were not considered by LINA.

33. Thus LINA's determination that Goodwin could return to work was not supported by the records in the claims file and was arbitrary and capricious and LINA should be ordered to pay past and continuing LTD benefits to Goodwin.

34. However, due to its failure to process Goodwin's appeal in 2015 and again in 2016, LINA has failed to render a decision on appeal, thus requiring the standard of review in this case to "De Novo", since there is no appeal denial to review.

35. The LTD plan allows for 3 years to file suit under 29 USC 1132(a) to overturn a denial of LTD benefits. Since LINA failed to respond to Goodwin's appeal no earlier limitations period applies.

36. Alternatively, Goodwin's suit is timely pursuant to Alaska's "notice/prejudice" rule, [*Weaver Bros. v Chappel*, 684 P.2d 123 (Ak. 1984)(late claim allowed absent

*Flanigan & Bataille*

*1007 W. 3rd Ave. Suite 206 Anchorage, AK 99501*

*Telephone (907) 279-9999*

*Facsimile (907) 258-3804*

prejudice); and *Estes v Alaska Guar. Fund*, 774 P.2d 1315(Ak. 1989)(late suit allowed absent prejudice); which applies to ERISA cases pursuant to *UNUM v Ward*, 526 U.S. 358(1999)(ERISA does not preempt state's notice-prejudice rule).

Wherefore, Plaintiff seeks the following relief from the court as follows:

1. A decision that a "De Novo" review of LINA's denial of LTD benefits applies in this case.

2. A decision that Plaintiff is entitled to LTD benefits under the LTD Plan.

3. An award of past LTD benefits to the Plaintiff in an amount to be determined by the Court, plus continuing LTD benefits under the LTD Plan.

4. An Order requiring CH2M Hill to re-establish Plaintiff's eligibility under any other CH2M Hill benefit plans that continue for employees who are considered to be disabled under the LTD Plan, retroactive to 8/15/15.

5. Injunctive Relief under 29 USC 1132(a)(1 & 3) and (d)(2), requiring such action that is necessarily required to assure payment of the past due and owing LTD benefits to Plaintiff; continuation of LTD benefits into the future so long as Plaintiff is disabled under the terms of the LTD Plan; reinstatement of Plaintiff's eligibility for other benefits paid to LTD benefits recipients.

6. Costs, Interest and Attorneys fees and other equitable relief as the court deems just.

*Flanigan & Bataille*

*1007 W. 3rd Ave. Suite 206 Anchorage, AK 99501*

*Telephone (907) 279-9999*

*Facsimile (907) 258-3804*

DATED THIS 25th DAY OF October, 2016.

                                      FLANIGAN & BATAILLE
                                      ATTORNEYS FOR PLAINTIFF

                                      _/s/_ Michael W. Flanigan
                                      1007 W. 3rd Ave., Ste 206
                                      Anchorage, Alaska, 99517-1014
                                      (907) 279-9999 Phone
                                      (907) 258-3804 Fax
                                      E-Mail: mflanigan@farnorthlaw.com
                                      Alaska Bar No. #7710114

*Flanigan & Bataille*

*1007 W. 3rd Ave.
Suite 206
Anchorage, AK 99501*

*Telephone
(907) 279-9999*

*Facsimile
(907) 258-3804*